FILED
Sep 23 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ cynthial  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FELIX LUCIANO,<br><br>  Defendant. | Case No. '22 CR2201 W<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C.,<br>Sec. 1001(a)(2) - False Statements;<br>Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C.,<br>Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The grand jury charges that:

### Introductory Allegations

1.  Between approximately 2011 and December 2018, within the Southern District of California and elsewhere, defendant FELIX LUCIANO, an employee of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), served as the President of the American Federation of Government Employees (AFGE) Local 2805.

2.  At all times relevant to this indictment, AFGE Local 2805, was a labor organization representing ICE employees in San Diego and Imperial Counties.

RSK:nlv:San Diego:9/23/22

1  3. Officers of AFGE Local 2805, including LUCIANO, were legally obligated to maintain the fiscal integrity of the organization and prohibited from engaging in business or financial interests which conflicted with their duty to the organization and its members. 5 U.S.C. §7120.

4. A Form LM-3 is a financial report that labor organizations file with the U.S. Department of Labor (DOL), Office of Labor-Management Standards (OLMS).

## Count 1

### False Statements, 18 U.S.C. § 1001(a)(2)

5. On or about May 28, 2018, within the Southern District of California and elsewhere, defendant FELIX LUCIANO, did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, by swearing under penalty of perjury on a Form LM-3 submitted to the U.S. Department of Labor Office of Labor-Management Standards, that (1) AFGE Local 2805 disbursed $3,068 to LUCIANO between January 1, 2017 and December 31, 2017, and (2) AFGE Local 2805's cash balance at the start of the reporting period was $14,327. The statements and representations were false because, as LUCIANO then and there knew, (1) AFGE Local 2805 had disbursed at least $5,000 directly or indirectly to LUCIANO, and (2) AFGE Local 2805's cash balance on January 1, 2017, was approximately $16,835.

All in violation of Title 18, United States Code, Section 1001(a)(2).

//
//
//
//

## Counts 2-6

### Wire Fraud, 18 U.S.C. § 1343

6.  Beginning in approximately December 2013, and continuing through January 7, 2019, within the Southern District of California, and elsewhere, defendant FELIX LUCIANO knowingly and with the intent to defraud, devised a scheme and artifice to defraud and to obtain money and property from AFGE Local 2805 by means of material false and fraudulent pretenses, representations and promises, and the concealment of material facts, and for the purpose of executing this scheme and artifice defendant, LUCIANO knowingly caused writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce.

7.  The principal goal of defendant LUCIANO's scheme and artifice was to embezzle funds from AFGE Local 2805 to enrich himself and pay for personal expenses for himself and his spouse, A.B.L, and her company, Immigration Solutions USA.

8.  It was a manner and means of the scheme to defraud that defendant LUCIANO would issue checks from AFGE Local 2805's Cabrillo Credit Union checking account (-4418) payable to himself for funds to which he was not lawfully entitled.

9.  It was further a manner and means of the scheme to defraud that LUCIANO would enter false information in the memo line of checks, such as "Per Diem."

10. It was further a manner and means of the scheme to defraud that LUCIANO would deposit the unauthorized checks into his personal Cabrillo Credit Union checking account ending in -0363.

11. It was further a manner and means of the scheme to defraud that LUCIANO would use the debit cards (-4180 and -6750) associated with

AFGE Local 2805's Cabrillo Credit Union checking account (-4418) and Cabrillo Credit Union Mastercard credit cards (-0224 and -0019) to pay for personal expenses, i.e. transactions that primarily benefited personally him and/or his spouse (directly or through her business, Immigration Solutions USA.)

12. It was further a manner and means of the scheme that, to obscure his embezzlement, defendant LUCIANO fraudulently entered false information on AFGE Local 2805's Form LM-3s that disguised the nature, volume, frequency and purpose of the unauthorized checks and other personal transactions.

13. It was further a manner and means of the scheme to defraud that LUCIANO knowingly made and caused to be made material false and fraudulent pretenses, representations, promises and omissions, including, among others, knowingly failing to disclose to AFGE Local 2805's members or executive board his on-going embezzlement of union funds, generating false entries in LM-3s, and falsifying descriptions on checks.

## EXECUTIONS OF THE SCHEME TO DEFRAUD

14. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant FELIX LUCIANO, for the purpose of executing an essential part of the above-described scheme and artifice to defraud and to obtain money and property from AFGE Local 2805 by means of material false and fraudulent pretenses, representations and promises, and the concealment of material facts, knowingly caused the following writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce, with each wire constituting a separate count:

| COUNT | DATE | WIRE |
|---|---|---|
| 2 | 4/24/18 | Debit card (-6750) transaction to pay $342.00 to Tactical Walls in Shenandoah, Virginia |
| 3 | 5/7/18 | Debit card (-6750) transaction to pay $147.00 to Tactical Walls in Shenandoah, Virginia |
| 4 | 6/25/18 | Debit card (-6750) transaction to pay $413.42 to Hilton Grand Vacations in Las Vegas, NV |
| 5 | 7/31/18 | Wire transmission of image of check #1308 for $576.83 from AFGE Local 2805 Cabrillo Credit Union account -4418 to LUCIANO's Cabrillo Credit Union account -0363 |
| 6 | 9/17/18 | Debit card (-6750) transaction to pay $7.97 for Good Housekeeping magazine located in North Carolina |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Counts 2 through 6 of this Indictment and pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure, defendant FELIX LUCIANO shall forfeit to the United States any property, real or personal, which constitutes or was derived from proceeds traceable to such violation.

If any of the above-described forfeited property, as a result of any act or omission of defendant FELIX LUCIANO, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described above subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: September 23, 2022.

RANDY S. GROSSMAN
United States Attorney

By: /s/ Rebecca Kanter
REBECCA S. KANTER
Assistant U.S. Attorney